**UNITED STATES of America,**

v.

**Daniel A. RECUPERO Daniel
Recupero, Appellant.**

No. 00–3483.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 1, 2001.

Decided May 8, 2002.

Before SLOVITER, NYGAARD, and CUDAHY,* Circuit Judges.

## AMENDED OPINION
## OF THE COURT

### I.

Appellant Daniel Recupero pled guilty, pursuant to a written agreement, to one

count of conspiracy to knowingly transport stolen motor vehicles in interstate and foreign commerce in violation of 18 U.S.C. 2312 and 18 U.S.C. 371.

At the plea hearing, Recupero stated that he understood his rights, had time to consider and discuss the matter with his attorney, and understood the terms of the plea agreement and accompanying stipulations. Recupero admitted the essence of the crime charged, i.e. that he had shipped abroad stolen luxury vehicles.

At sentencing, Recupero's offense level was calculated at twenty-two (a base of four, plus four for receiving stolen property and another fourteen for the value of the property, between 1.5 and 2.5 million dollars). The District Court awarded a three-point downward departure for timely acceptance of responsibility but imposed a four-point enhancement for being the leader of a criminal conspiracy pursuant to U.S.S.G. 3B1.1, for an overall total Offense Level of twenty-three, carrying a sentencing range of forty-six to fifty-seven months incarceration. Recupero was sentenced to fifty months incarceration, three years supervised release, and payment of mandatory restitution of $313,328 in addition to a $100 special assessment. Recupero filed a timely notice of appeal on October 23, 2000.

Recupero's complaint on appeal is directed to the four-point leadership enhancement. To this end, he contends that the District Court violated Fed.R.Crim.P. 32(c)(3)(A) in failing to ascertain whether he had been given the opportunity to read, understand, and challenge the findings of the presentence report ("PSR"), and that, as a result, he was denied the opportunity

---

* Hon. Richard D. Cudahy, United States Senior Circuit Judge for the United States Court of     Appeals for the Seventh Circuit, sitting by designation. SLOVITER, Circuit Judge

to object to the factual inaccuracies in the PSR. In particular, he contends that the PSR wrongly portrayed him as the ringleader of a criminal enterprise, which led to what he claims was the District Court's erroneous assessment of the four-point leadership enhancement. He asserts that because the PSR conflicted with his sworn, unchallenged testimony and contained gross factual inaccuracies and inconsistencies, it lacked the "sufficient indicia of reliability" required to qualify for consideration by a sentencing court. He seeks a remand on the ground that the District Court ruling affects the fairness and integrity of the judicial process.

## II.

Because we write solely for the parties and not for publication, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented.

Briefly, Recupero was involved in a conspiracy with Usman Ainoko Mohammed, Carlos Felipe Binet, and Robert Bloom to ship stolen vehicles to Africa for sale. Recupero employed Binet, who in turn employed three others, to steal luxury vehicles, sometimes at gunpoint, which were driven to a facility owned by Bloom. Bloom, at Recupero's direction, would keep the vehicles for up to a week and, employing four others, load the vehicles into shipping containers in such a manner as to avoid detection by U.S. Customs, and ship them to Nigeria where Mohammed had arranged for their sale. Recupero coordinated the others in obtaining the fraudulent shipping documents, he paid Binet for the vehicles, and he also contacted Nigeria to arrange buyers.

Recupero's appeal founders on his conceded failure to object to the enhancement in the District Court. Therefore, we review for plain error. The record shows

there was no plain error. We have held that the District Court is under no obligation to formally inquire if defendant had read his PSR, as long as it could "somehow determine that [he] has had th[e] opportunity." United States v. Stevens, 223 F.3d 239, 241 (3d Cir.2000).[1] That opportunity is evident. Recupero was present when the District Court asked if there were any objections to the PSR and Recupero's attorney replied "I have no other objections, your Honor." App. at 39. Further, there are indications in the record that Recupero, or his attorney, was aware of the contents of the PSR. In a letter dated August 28, 2000, Recupero's attorney cited corrections to the PSR regarding information that would have had to come from Recupero himself, such as current personal account balances, corrections in the details of past financial dealings, and the ownership shares of the two apartments owned and used by Recupero and his family. Supp. App. at 11. All references to Recupero in the letter were "we", "our", and the like.

> During the sentencing proceeding, Recupero's attorney stated: I believe that ... the probation department has done a very good job with the probation report. And I find that it's very thorough and we have worked with him, both the government and I, in pointing out a few factual corrections and things like that. So I take no issue with the way the report was presented.

App. at 26.

There were several opportunities in the proceedings at which Recupero could have objected to the PSR but neither Recupero nor his attorney disputed the PSR's characterization of Recupero as ringleader. Perhaps most significant for the issue before us, later in the hearing, Recupero's attorney stated "we are not contesting that he has the 4–point enhancement for the leadership role." App. at 41. There were no objections when the District Court stated that Recupero had "[run the conspira-

---

1. Of course, we do not mean to suggest that an inquiry by the trial court whether the defendant read the PSR is not a useful, or indeed desirable, element of the District Court questioning of defendant.

cy] for months ... he set it up on his own." App. at 48. Nor were there any objections when the District Court adopted the government's argument that Recupero "played the crucial lead role" in the conspiracy, app. at 50, or when it defined him as the "mastermind and leader of th[e] crime." App. at 40.

During the course of the entire hearing, all of which Recupero attended, the government and the District Court made constant reference to the PSR to support the above statements. It seems unlikely that Recupero, who admittedly had some business experience, would not have understood the import and content of these statements and their direct relationship to the PSR.

### III.

Because Recupero failed to object to the PSR, and he points to nothing in the record to support his contention that he was unaware of the contents of the PSR except for his self-serving oral testimony, we will affirm the judgment of conviction and sentence.